**Higbee & Associates**                                                    A NATIONAL LAW FIRM

May 3, 2023

**LETTER**

Hon. Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

RE: *Miller v. 4Internet, LLC et al*
    Case 1:23-mc-00046-ER

Dear Judge Ramos,

I represent Robert Miller in a related action pending in the District of Nevada, 2:18-cv-02097-JAD-VCF ("Nevada Action"). Judgment was entered against Robert Miller in the Nevada Action which I understand was domesticated via this action in New York ("New York Action"). I was made aware of this proceeding having received an email from 4Internet's attorney Ryan Isenberg on the evening of May 1 containing an endorsed copy of the Letter Motion he had previously filed that day.

In its Letter Motion, 4Internet states that it served Mr. Miller with a subpoena to attend a deposition on March 3, 2023. However, this is not correct. The proof of service submitted by 4Internet states that the subpoena was served on a person named "Mr. Adonus" who is described as a black male aged 35. *See* Dkt. #7, Exhibit A. Mr. Miller is a white male in his 50s, and does not fit the description provided in the proof of service. I do not know who "Mr. Adonus" is or why he was served with the subpoena.

I was not informed of the existence of the subpoena until I received an email on March 9, 2023, from 4Internet's attorney Ryan Isenberg. Attached hereto as Exhibit 1 is a true and correct copy of Mr. Isenberg's email. Mr. Miller also informed me that he was not aware of the subpoena until March 9, 2023. I am not aware of any evidence, and 4Internet's Letter Motion provides none, demonstrating that Mr. Miller was personally served with the subpoena at issue as required.

Federal Rules of Civil Procedure 45(b) states that "[s]erving a subpoena *requires* delivering a copy to the named person." (Emphasis added). Also, the rule as to personal service is stated by Wright and Miller, as follows:

> [P]ersonal service of subpoenas is required. The use of the word "delivering" in . . . the rule with reference to the person to be served has been construed literally . . . contrary to the practice with regard to the service of a summons and complaint, it is not sufficient to leave a copy of the subpoena at the dwelling place of the witness. Moreover, unlike service of most litigation papers after the summons and complaint, service on a person's lawyer will not suffice.

*United States v. Sabhnani*, 2008 U.S. Dist. LEXIS 56204, at *5-6 (E.D.N.Y. July 19, 2008) (collecting cases).

**Higbee & Associates**                                                      A NATIONAL LAW FIRM

      On March 13, 2023, Mr. Isenberg sent me a follow up email asking whether Mr. Miller would be appearing for the deposition. I responded that I was under the impression that Mr. Miller would be appearing, but that given the short notice it would be prudent to reschedule to a different date.

      Attached hereto as Exhibit 2 is a true and correct copy of my email correspondence.

      On March 20, 2023, Mr. Isenberg sent a follow up email about alternative dates for Mr. Miller's deposition. On March 27, 2023, I responded that Mr. Miller would be available on Friday, April 21, 2023. Attached hereto as Exhibit 3 is a true and correct copy of my email.

      On March 28, 2023, Mr. Isenberg sent a courtesy copy of a notice of deposition of Mr. Miller to me via email with a different deposition date than I had previously provided, Thursday April 20, 2023, and despite my never having expressly consented to accept service, electronic or otherwise, on behalf of Mr. Miller in the New York Action. I am not aware of any attempts by Mr. Isenberg to serve Mr. Miller with a copy of the deposition notice for the rescheduled date.

      Federal Rules of Civil Procedure 5(b)(2)(E) allows service to be made on a party by electronic means, such as email, only if the party consents to such electronic service in writing. The advisory committee notes to the Rule explain that the requisite consent "must be express, and cannot be implied from conduct." Fed. R. Civ. P. 5 advisory committee's note to 2001 amendment; *Martin v. Deutsche Bank Sec. Inc.,* 676 F. App'x 27, 29 (2d Cir. 2017); *see also Dalla-Longa v. Magnetar Capital LLC*, 2020 U.S. Dist. LEXIS 138712, at *3 (S.D.N.Y. Aug. 4, 2020).

      Here, 4Internet has not presented any evidence that I or anyone authorized at my firm expressly consented to email service of the deposition notice and subpoena on behalf of Mr. Miller. Nor does it appear that 4Internet made any attempt to serve Mr. Miller with the subsequent notice. Thus, sanctions should not be levied against Mr. Miller as neither the original subpoena nor the subsequent notice of deposition were properly served on Mr. Miller. *See Smith v. Midland Brake, Inc.,* 162 F.R.D. 683, 686 (D. Kan. 1995) ("A party may only be compelled to comply with a properly issued and served subpoena.")

      Finally, my office has been in contact with Mr. Miller about obtaining additional dates for a deposition to occur

      **/s/ Mathew K. Higbee**
      Mathew K. Higbee, Esq.
      **HIGBEE & ASSOCIATES**
      1504 Brookhollow Drive, Suite #112
      (714) 617-8373
      (714) 597-6559 facsimile
      mhigbee@higbee.law